## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CASA,

     Plaintiff,

 v.

JULIE WHEELER, DOUG HOKE, RON
SMITH, in their official capacities as
members of the York County Board of
Elections,

     Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
## INTRODUCTION

1.    This is an action for injunctive and declaratory relief, including immediate preliminary injunctive relief before Pennsylvania's November 8, 2022 general election.  This action seeks to require Defendants to comply with Section 4(e) of the federal Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10303(e), by providing the following: Spanish-language ballots, registration and other election materials, and assistance in York County, Pennsylvania for the November 8, 2022 election and subsequent elections.

2.    Section 4(e) of the VRA protects the voting rights of American citizens educated in Spanish-speaking Puerto Rican schools.  *See* 52 U.S.C. § 10303(e). Specifically, Section 4(e) requires, *inter alia*, that Spanish-language ballots,

1

registration, and election materials, instructions, and assistance be provided to these citizens so they may effectively exercise their right to vote. *See id.*

3.      Section 4(e)'s protections apply to hundreds of Spanish-speaking Puerto Ricans who reside and are eligible to vote in York County.  But Defendants intend to conduct the upcoming 2022 general election in York County almost entirely in English, in direct contravention of those protections.

4.      Plaintiff CASA brings this action on its own behalf and on behalf of its members who are directly impacted by Defendants' failure to comply with Section 4(e).

5.      Plaintiff brings its action against the Julie Wheeler, Doug Hoke, and Ron Smith in their official capacities as York County Board of Elections.

## JURISDICTION AND VENUE

6.      This action for declaratory and injunctive relief arises under the Voting Rights Act of 1965 as amended, 52 U.S.C. §§ 10101, and the Civil Rights Act of 1971, 42 U.S.C. § 1983.

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, under 52 U.S.C. § 10101(d) because this action arises under the Voting Rights Act, and under 28 U.S.C. §§ 1343(a)(3)-(4) and 1357 because this action seeks equitable and other relief pursuant to an act of Congress providing for the protection of the right to vote.

8.    This Court has authority to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim have occurred and will occur in this District, because Plaintiff CASA has an office in this District, and because Defendants have their principal places of business in this District.

## PARTIES

10.    Plaintiff CASA is a non-profit organization with an office in York County, Pennsylvania.  CASA is dedicated to uplifting and leveraging the voices of Pennsylvania's immigrant and Latino communities.  In furtherance of that mission, since 2016 CASA has been actively registering Latinx voters and working on issues of voter protection and language access at the polls in Pennsylvania, including in York County.  As a result of Defendants' failure to ensure the provision of Spanish-language materials and assistance to Spanish-speaking Puerto Ricans, CASA is diverting its limited resources from other projects to provide Spanish-language assistance to, and advocacy on behalf of, Spanish-language voters in York County, including in the 2022 Pennsylvania general election.  CASA is a membership-based organization, with members in York County who were educated in Puerto Rico, where the predominant classroom language was Spanish.  Many of its York County Spanish-dominant, Puerto Rican educated members want and intend to vote in

3

Pennsylvania's November 8, 2022 general election.  Those members will not be able to exercise their right to vote effectively in a predominantly English-only election.

11.    Defendants Julie Wheeler, Doug Hoke, and Ron Smith are sued in their official capacity as the members of the York County Board of Elections.  As the York County Board of Elections, Defendants are responsible for the administration of elections in York County.

## LEGAL BACKGROUND

12.    Section 4(e) of the Voting Rights Act of 1965 (52 U.S.C. §10303(e)) protects the voting rights of persons educated in "American-flag schools," *i.e.*, a school in any state or territory, the District of Columbia, or the Commonwealth of Puerto Rico, in which the predominant classroom language was a language other than English, by prohibiting the States from conditioning the right to vote of such individuals on the ability to read or understand English.

13.    Section 4(e) provides that no one who completed sixth grade in any "school in . . . any state, territory, the District of Columbia, or the Commonwealth of Puerto Rico in which the predominant classroom language was other than English shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language." 52 U.S.C. §10303(e)(2).

4

14.    Congress's primary purpose in enacting Section 4(e) was to protect the rights of Spanish-speaking Puerto Ricans to vote stateside.  *Katzenbach v. Morgan*, 384 U.S. 641, 645 & n.3, 652 (1966).

15.    Congress later eliminated the sixth-grade education requirement from Section 4(e).  *See* 52 U.S.C. §10501(a); *Arroyo v. Tucker*, 372 F. Supp. 764, 766 (E.D. Pa. 1974).

16.    As a result, Section 4(e) now applies to all "persons who attended any number of years of school in Puerto Rico."  *Puerto Rican Org. for Political Action v. Kusper*, 490 F.2d 575, 579 (7th Cir. 1973) ("*Kusper II*").

17.    Under Section 4(e), States must provide Spanish-language voting materials and assistance to all persons who attended school in Puerto Rico and are unable to vote effectively in English.  *United States v. Berks Cnty.*, 277 F. Supp. 2d 570, 579 (E.D. Pa. 2003) (collecting cases).

## FACTUAL ALLEGATIONS

18.    Plaintiff CASA has more than 2,800 members in the state of Pennsylvania, more than 1,162 of whom reside in York County.  Certain members of Plaintiff CASA in York County, Pennsylvania were raised and educated in Puerto Rico and are limited English proficient.

19.    For example, one of CASA's members attended elementary school through eleventh grade in Puerto Rico, in which the language used in the classroom

was predominantly Spanish.  He does not speak, read, or understand English. This member is eligible to vote in York County, Pennsylvania, and wants and intends to vote in the 2022 Pennsylvania general election.  However, because he is not English-proficient, he will be unable to vote effectively under Defendants' current election procedures and using Defendants' current election materials.

20.    This member's voting experience illustrates the ineffectiveness of Defendants' current election scheme for Spanish-language speakers.  This member registered to vote with CASA's assistance and voted in the 2020 general election. When he voted, the signs were only in English, the ballot and instructions were only in English, and there was nobody available to assist with interpretation of election-related materials.  This member had no way of understanding the English-only materials or the process.

21.    Another CASA member attended elementary school through college in Puerto Rico, in which the language used in the classroom was predominantly Spanish.  She does not speak, read, or understand English.  This member is eligible to vote in York County, Pennsylvania, and wants and intends to vote in the 2022 Pennsylvania general election.  However, because she is not English proficient, she will be unable to vote effectively under Defendants' current election procedures and using Defendants' current election materials.

22.     When this member voted in the 2016 election, she required the assistance of an interpreter, but there was no one available to translate for her. She tried to vote with her husband's help, but he was not allowed in the voting station with her. She has not voted since then, in part because she was unaware of and confused about certain voting procedures, like the availability of absentee ballots.

23.     Another one of CASA's members attended elementary school through high school in Puerto Rico, in which the classroom language was predominantly Spanish. This member is eligible to vote in York County, Pennsylvania, and wants and intends to vote in the 2022 Pennsylvania general election. However, because he is not English proficient, he will be unable to vote effectively under Defendants' current election procedures.

24.     Another CASA member moved to York County several months ago. She attended elementary school through tenth grade in Puerto Rico, in which the classroom language was predominantly Spanish. She left Puerto Rico in 2017 due to Hurricane Maria and the lack of services available to her on the island. This member is eligible to vote, and she intends to register by October 24, 2022. She wants and intends to vote in the 2022 Pennsylvania general election. Because she does not understand English well, and cannot read in English, she was not aware of how to register to vote. She will be unable to vote effectively under Defendants' current election procedures and using Defendants' current election materials.

25.    Another one of CASA's members attended some elementary school, high school, and some college in Puerto Rico, in which the language used in the classroom was predominantly Spanish.  Though he can speak and understand some English, his dominant language is Spanish.  This member is eligible to vote in York County, Pennsylvania, and wants and intends to vote in the 2022 Pennsylvania general election.  However, because he does not understand English well, he will be unable to vote effectively under Defendants' current election procedures.

26.    This member voted in the 2020 general election but had trouble casting a ballot due to Defendants' current election procedures.  Because he does not read English well, it took this member a long time to review the ballot, and he still struggled to understand its contents.  There were no ballot instructions in Spanish, so he had to ask for assistance.  When he sought help, there was no one available to answer his questions in Spanish, so he had no choice but to seek assistance in English.

27.    Another CASA member attended elementary school through college in Puerto Rico, in which the language used in the classroom was predominantly Spanish.  This member is eligible to vote in York County, Pennsylvania, and wants and intends to vote in the upcoming 2022 Pennsylvania general election.  However, because she does not understand English well, she will be unable to vote effectively

under Defendants' current election procedures and using Defendants' current election materials.

28.    This member's experience voting in the 2020 Pennsylvania general election further illustrates the ineffectiveness of Defendants' election scheme for Spanish-language speakers.  While this member was able to cast a ballot in the 2020 election, she did so without any Spanish-language materials, and without any interpretation assistance.  She did not feel she could vote effectively because the ballot was in English and all signage at the polling place was in English.

29.    As enumerated above, although many of Plaintiff CASA's Puerto Rican members now reside in York County, they do not understand, read, speak, or write English sufficiently to be able to vote effectively where the ballots and election materials are primarily English-only.

30.    Plaintiff CASA's members are eligible—and many want and intend— to vote in Pennsylvania's elections, including in the upcoming November 8, 2022 general election.

31.    But unless registration and election instructions, ballots, voter education and outreach materials, and assistance are provided in the Spanish language, these members will be unable to vote effectively.

32.    York County is home to a substantial population of citizens who meet the following criteria: are eligible to vote, attended school in Puerto Rico in which

the classroom language was predominately Spanish, and are unable to vote effectively in English.

33.     According to the U.S. Census Bureau's American Community Survey ("ACS") 2020 One-Year Estimate, York County is home to 14,456 citizens of Puerto Rican descent.  Additionally, 750 of these individuals of Puerto Rican descent in York County have self-reported in the ACS 2020 One-Year Estimate that they either do not speak any English or do not speak English well.[1]  This means that they are "unable to speak or understand English adequately enough to participate in the electoral process."  52 U.S.C. § 10503(b)(3)(B).

34.     Many of these individuals attended at least some school in Puerto Rico in which the primary language of instruction was not English, because "[t]he primary language of classroom instruction in Puerto Rico is Spanish."  *Berks Cty.*, 277 F. Supp. 2d at 574; *see also* P.R. Regs. DE REG. 8115, Art. III, §B.

35.     "The right to vote means the right to effectively register the voter's political choice."  *Puerto Rican Org. For Political Action v. Kusper*, 350 F. Supp. 606, 610 (N.D. Ill. 1972) ("*Kusper I*"), *aff'd*, *Kusper II*, 490 F.2d 575 (7th Cir. 1973).

---

[1]     Furthermore, in addition to the 750 individuals that reported they either do not speak any English or do not speak English well, 1,423 individuals reported they speak English "well" as opposed to "very well."  Notably, conversational English is not the same as fully understanding the written English language.  Accordingly, the number of individuals who would be unable to understand written election materials only available in English is significantly higher than 750 people.

36.    If York County's registration materials and assistance, voting guides, voting instructions, ballots or ballot labels on voting machines, and other election materials are provided only in English, Plaintiff CASA's members' ability to vote effectively will be seriously impaired.

37.    Plaintiff CASA's members in York County are therefore entitled to such materials and assistance as may be necessary to enable them to vote effectively, including bilingual ballots, Spanish-language election and voter registration materials, and translation assistance.

38.    York County conducts English-only election practices.  In the vast majority of its precincts, it does not provide Spanish-language ballots.  Even in precincts where Spanish-language ballots are available, it does not provide sufficient Spanish-language election materials or assistance.

39.    By not providing Spanish-language ballots or sufficient other Spanish-language election materials and assistance, York County conditions the right to vote of Plaintiff CASA's members on their ability to read, write, understand, or interpret the English language.

40.    Although repeated requests have been made to York County to do so, York County has refused to make a binding commitment to provide Spanish-language ballots or sufficient Spanish-language registration and other election

Case 1:22-cv-01648-JPW   Document 1   Filed 10/20/22   Page 12 of 17

materials or assistance at the polls for the upcoming November 2022 general election.

41.     On September 14, 2022, Plaintiff CASA sent a letter to the Defendants demanding they provide Spanish-language materials and assistance under Section 4(e) for the upcoming 2022 election.  Plaintiff did not receive a response.

42.     Counsel for Plaintiff sent additional letters on September 26, 2022 and October 3, 2022 demanding specific changes be implemented before November 8, 2022.  After an initial meeting was held between Defendants, Plaintiff and counsel for Plaintiff on October 11, 2022, counsel for Plaintiff sent a follow-up letter to counsel for Defendants outlining specific, reasonable actions that Defendants could take to improve language access prior to election day.  Defendants cancelled a follow-up meeting scheduled for October 13, 2022 to discuss the proposed actions.

43.     If York County does not provide Spanish-language ballots, other election materials, and assistance for the 2022 election and subsequent York County elections, Plaintiff CASA's members will effectively be disenfranchised.

44.     The right to vote is a fundamental right that is the heart of our democracy.  The loss of that right in the 2022 general election, and any subsequent elections, for Plaintiff CASA's members is an irreparable injury.

45.     CASA's diversion of resources, including staff and volunteer time, during the run-up to the November 8, 2022 election to support its members who are

entitled to Spanish-language materials and assistance under Section 4(e) are also irreparable injuries. Even if CASA could be compensated for its expenditures, it will not be able to regain the opportunity to use its resources to educate and mobilize voters prior to the 2022 election. It will have already expended those resources in response to Defendants' English-only practices, for example through organizing extensive Know Your Rights campaigns and events on language access to the polls and deploying staff to the polls on election day to support Spanish-speaking members and assisting them in reporting violations of Section 4(e) of the VRA. CASA will suffer similar irreparable injury for every election in which Spanish-language materials and assistance are not provided as required by Section 4(e) of the VRA.

46.   Because the registration deadline for the 2022 general election is October 24, 2022, and the election is November 8, 2022, the irreparable injury to Plaintiff CASA's members is imminent.

47.   Requiring Defendants to ensure that York County provides Spanish-language ballots, materials, and election assistance for the 2022 general and other upcoming elections serves the public's strong interest in ensuring that every qualified voter is able to participate equally in the electoral process.

48.   The irreparable injuries and fundamental right to vote for Plaintiff CASA's members far outweigh any hardship that Defendants might contend they

face in ensuring the provisions of Spanish-language election materials and assistance.

## CAUSES OF ACTION

### COUNT I

### (Violation of the Voting Rights Act, 52 U.S.C. § 10303(e))

49.    Plaintiff hereby repeats and incorporates by reference each preceding paragraph as though fully set forth herein.

50.    Section 4(e) of the Voting Rights Act, 52 U.S.C. § 10303(e), prohibits denying the right to vote to any person who attended a school in Puerto Rico in which the predominant classroom language was other than English, because of his or her "inability to read, write, understand, or interpret any matter in the English language."

51.    Plaintiff CASA has members who attended school in Puerto Rico in which the predominant classroom language was other than English and are not able to vote effectively in English.

52.    Defendants have failed to provide Spanish-language ballots and fail to provide sufficient other Spanish-language election materials and assistance.

53.    By failing to provide Spanish-language ballots and sufficient Spanish-language registration and election materials and assistance to Plaintiff CASA's members, Defendants are denying American citizens the right to vote because of

their "inability to read, write, understand, or interpret any matter in the English language," in violation of 52 U.S.C. § 10303(e).

54.    Defendants' conduct disenfranchises Plaintiff CASA's members. Absent this Court's intervention, Plaintiff CASA's members will suffer irreparable harm as a result of Defendants' conduct.

55.    As a result of Defendants' failures, Plaintiff CASA has been forced to divert its resources to provide assistance to Spanish-language educated citizens to enable those citizens to vote.

56.    To avoid imminent and irreparable harm, Defendants' conduct must be preliminarily and permanently enjoined and Defendants must be ordered to comply with 52 U.S.C. §10303(e) forthwith, as set forth *infra* in the Prayer for Relief.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the Court order the following relief and remedies:

1.    Declare and adjudge that Defendants' conducting of English-only elections in York County violates 52 U.S.C. § 10303(e).

2.    Grant a preliminary and permanent injunction (a) enjoining Defendants from conducting elections without sample Spanish-language ballots and sufficient Spanish-language election materials and assistance in York County and (b) requiring Defendants to take all measures necessary to ensure that all election materials

provided in English in York County—including but not limited to sample ballots, sample voting machine ballots, sample absentee ballots, voting guides, voting instructions, registration materials, polling place signage, and websites—are also provided in Spanish for the 2022 general election and all subsequent elections; and that Spanish-speaking poll workers are provided at the polls to assist voters during the 2022 general election and all subsequent elections, and that Spanish speakers are made available to assist with voter registration and absentee voting before the 2022 general election and all subsequent elections.

3.     Award Plaintiff attorneys' fees and costs, including pursuant to 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988; and

4.     Award all such other and further relief as the Court deems to be just and equitable.

Dated: October 19, 2022                    Respectfully submitted,

                                           _/s/ Julia Chapman_____
                                           Julia Chapman
                                           Neil Steiner (*PHV* admission forthcoming)
                                           Dechert LLP
                                           Cira Centre, 2929 Arch Street
                                           Philadelphia, PA 19104
                                           T: 215-994-2060
                                           F: 215-655-2060
                                           neil.steiner@dechert.com
                                           julia.chapman@dechert.com


                                           Lourdes Rosado
                                           Ghita Schwarz (*PHV* admission forthcoming)
                                           Miranda Galindo (*PHV* admission forthcoming)
                                           Rayza B. Goldsmith (*PHV* admission forthcoming)
                                           LatinoJustice PRLDEF
                                           475 Riverside Dr., Suite 1901
                                           New York, NY 10115
                                           T: 212-739-7504
                                           lrosado@latinojustice.org
                                           gschwarz@latinojustice.org
                                           mgalindo@latinojustice.org
                                           rgoldsmith@latinojustice.org


                                           *Counsel for Plaintiff*